# IN THE COURT OF APPEALS OF IOWA

No. 21-1991
Filed March 2, 2022

**IN THE INTEREST OF W.J.,**
**Minor Child,**

**L.J., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Parry, District Associate Judge.

The mother appeals the termination of her parental rights. **AFFIRMED**.

Teresa A. O'Brien, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee state.

Joseph Kertels, Sioux City, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

A mother with a long history of methamphetamine abuse and mental-health issues appeals the termination of her parental rights to this child. The father's parental rights were also terminated, but he does not appeal.

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(g), (h), and (*l*) (2021). On appeal, she challenges the juvenile court's findings that the statutory grounds for termination were met.

The mother's challenge fails because she failed to preserve error on it.[1] At the termination hearing, both in the mother's testimony and in her attorney's arguments to the juvenile court, the mother did not challenge the statutory grounds for termination. Instead, she asked for an additional six months to work toward reunification.[2] As the mother did not make the challenge to the juvenile court that she makes to us, the issue she raises is not preserved for our review.[3]

---

[1] *See In re A.B.,* 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to [child in need of assistance] and termination of parental rights cases.").

[2] *See* Iowa Code § 232.117(5) (permitting the juvenile court to issue a permanency order under section 232.104 if it chooses not to terminate parental rights); *see also* Iowa Code § 232.104(2)(b) (permitting a permanency order that gives a parent an additional six months to eliminate the need for removal of the child). The mother does not repeat the "six more months" argument on appeal, though she does make a passing reference to it. We consider the issue waived due to failure to develop the issue, *see* footnote 4. As the issue has been waived, we do not address it in detail. Nevertheless, we have reviewed the record and conclude that raising the issue on appeal would have been fruitless. The mother's inability to adequately address her long-term struggle with substance-abuse and mental-health issues convinces us that an additional six months would not have eliminated the need for removal of the child. *See* Iowa Code § 232.104(2)(b) (requiring the court if it grants an extension to explain how the need for removal "will no longer exist" at the end).

[3] *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (requiring an issue to be both raised and decided by the lower court before the issue will be decided on appeal).

In addition to failing to preserve error on the issue raised, the mother has also waived it. As noted, the juvenile court terminated the mother's rights under three subsections. While the mother's petition on appeal purports to challenge each of the statutory grounds, she does not actually do so.

In her challenge to termination under section 232.116(1)(h), the mother's argument states, in its entirety, "The mother disagrees with the conclusion that the evidence supports a termination of her parental rights pursuant to the statutory grounds set forth in Iowa Code Section 232.116(1)(h). The mother contends that the state did not meet its burden of proof." This conclusory statement unaccompanied by factual arguments, legal arguments, legal citations, or references to the record is insufficient and constitutes a waiver of her challenge to termination under subsection (h).[4] As the mother has waived her challenge to termination under subsection (h), we affirm on that ground without further analysis.[5] Because the mother has failed to preserve error and waived her

---

[4] *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . *General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.*" (emphasis added)); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

[5] *See In re G.N.*, No. 20-1128, 2020 WL 7022388, at *1 (Iowa Ct. App. Nov. 30, 2020) (holding failure to challenge one of the grounds for termination permits us to affirm on that ground without analyzing other grounds challenged).

challenge to termination under subsection (h), we need not address the issue further.  Nevertheless, we observe that our review of the record convinces us that the State established grounds for termination under that subsection.

**AFFIRMED.**